From these considerations it is clear that the judgment should be reversed, and the cause remanded, with directions to award a new trial, and it is so ordered.

LONG, C. J., and HENDERSON, J., concur.

REEVES, J.—I concur in granting the new trial.

---

[No. 306.   January 7, 1889.]

CHARLES SEIDLER, APPELLANT, v. AMWOOD LAFAVE, APPELLEE.

MINES AND MINING—EJECTMENT—LOCATION NOTICE, SUFFICIENCY OF, ADMISSIBILITY OF PAROL EVIDENCE TO EXPLAIN—SECTION 2324, REVISED STATUTES, UNITED STATES—CONSTRUCTION OF STATUTES.— In an action of ejectment to recover possession of a mining claim, where the location notice refers to certain natural objects and monuments with sufficient certainty to identify the claim, but it does not appear from the notice whether such objects and monuments are of a permanent nature, the notice is sufficient, and it was error to exclude it; and parol evidence is admissible to show that the natural objects and monuments referred to in the notice are in fact perma-

nent, within the meaning of section 2324, Revised Statutes, United States, requiring that the location notice of a mining claim shall contain such description of the claim located, by reference to some natural object or permanent monument, as will identify the claim, and the court below also erred in refusing to admit it. Overruling Baxter Mountain G. M. Company v. Patterson et al., 3 Gil. (N. M.) 269.

APPEAL, from a judgment in favor of defendant, from the Third Judicial District Court, Sierra County. Judgment reversed.

The facts are stated in the opinion of the court.

ELLIOTT, PICKETT & ELLIOTT for appellant.

For requirements as to description of location claims, see Revised Statutes, United States, section 2324.

In the case of Baxter Mountain G. M. Company v. Patterson et al., 3 W. C. Rep. 77, relied on by appellee, no reference was made in the location notice to "corners" or to "monuments." It refers to no claim whatever "on the east," and hence the claim was not described by reference to mining claims on all sides of it, and could not be brought within the rule, so as to make it a sufficient location notice, laid down in Southern Cross Company v. Europa Company, 15 Nev. 385.

The notice is sufficiently definite as to the locus of the claim. Quimby v. Boyd, 6 W. C. Rep. 175.

In refusing to submit the sufficiency of the location notice to the jury, the court below erred. North Noonday Company v. Orient Company, 9 Morrison Rep. pp. 540, 541.

MASTERSON & WOODWARD for appellee.

Cited the following authorities: Baxter Mountain Gold Mining Company v. Patterson et al., 3 W. C.

Rep. p. 77; Land Owner, Vol. 8, p. 60; sec. 2320, R. S., U. S.; sec. 1566, Comp. Laws, N. M.

BRINKER, J.—This was an action of ejectment to recover the possession of a certain mining claim known as the "Miner's Dream." On the trial, the plaintiff offered in evidence the location notice, which is in these words:

"NOTICE.

"Nov. 10, 1880.

"We, the undersigned, have this day located and claim fifteen hundred feet along this lead, and three hundred feet on each side of the center. This claim commences at the northeast corner of the Iron King mine, and extends along the eastern boundary of the Iron King claim, in a southerly direction to the southeast corner of the Iron King mine; thence six hundred feet, in an easterly direction, to a monument of stone; thence fifteen hundred feet, in a northerly direction, to a monument of stone; thence six hundred feet, in a westerly direction, to the point of beginning.

"This notice is placed in a monument of stones, built at the point of discovery, about four hundred feet south from the north end center monument of the claim. This claim is situated on the eastern slope of the Black range, about twelve miles west of Hillsborough, on a branch of the Las Puercas river. It joins the Iron King on the east, and the Mountain Chief on the south, district unnamed, county supposed to be Grant, territory of New Mexico. This claim shall be known as the 'Miner's Dream.'

"Locaters: { E. L. DOHENY.
D. S. MILLER.
THOMAS GRADY.
TIMOTHY CORCORAN.
JAMES DELANY."

"Territory of New Mexico, County of Grant—ss.: Filed for record in my office, November 23, 1880, at

1 o'clock P. M., recorded in Book 3, Mining Locations, pages 245 and 246.

"R. V. NEWSHAM, Probate Clerk.
"By E. COSGROVE, Deputy."

To its introduction the defendant objected, for the following reasons: "First, because it is void for insufficiency as a location, and that it fails to properly describe a mining claim; second, because it is not made in accordance with section 2320 of the Revised Statutes of the United States; third, because said location notice fails to designate either natural objects or permanent monuments, so that the location claim can be accurately determined and located; fourth, because said location is not made in accordance with section 1566 of the Compiled Laws of New Mexico, in this: that it fails to distinctly mark the location of said mining claim on the ground, so that its boundaries may be readily traced by reference to some natural object or permanent monument that will identify the property attempted to be located in said notice."

The court sustained the objection, and excluded the notice, and the plaintiff excepted.

The plaintiff then offered to prove in connection with the notice, by parol testimony, that the northeast and southeast corners of the Iron King mine, referred to in the notice, were monumented when the Miner's Dream was located, and the notice posted on the claim. To this the defendant objected, for the reason that the location notice should stand on its own merits, and could not be modified or changed by parol testimony. The objection was sustained, and the plaintiff excepted.

No further testimony being offered, the court directed a verdict for the defendant. A verdict was accordingly returned, and judgment rendered for defendant. A motion for a new trial was made and denied, and the case comes here by appeal.

The only question for our determination is the propriety of the rulings of the court in excluding the location notice, and the parol testimony offered, in connection with it, to show that the corners of the Iron King mine, referred to in the notice, were monuments when this claim was located. The notice offered in evidence in this case is called in the United States statutes a record. In order to make a valid record under the statute, it is necessary that it contain the name or names of the locator or locators; the date of the location; and such description of the claim located, by reference to some natural object or permanent monument, as will identify the claim. R. S., U. S., section 2324. North Noonday Min. Co. v. Orient Min. Co., 6 Sawy. 311; Jupiter Min. Co. v. Bodie Con. Min. Co., 7 Sawy. 96. A natural object is well understood, and includes trees, prominent buttes or hills, the confluence of streams, the point of intersection of well-known gulches, roads, and ravines. Wade, Am. Min. Laws, 113; Quimby v. Boyd, 6 W. C. Rep. 171. But what will be sufficient to meet the statutory requisite of a permanent monument, in all cases, has not been definitely settled. This question has been considered in the following cases:

In North Noonday Company v. Orient Company, 6 Sawyer, 311, it was said that the monument need not be on the claim, although it might be, and it might consist of a prominent post or stake firmly planted in the ground or of a shaft sunk in the ground. This was reiterated in Jupiter Min. Co. v. Bodie Con. Min. Co., 7 Sawy. 96. In Quimby v. Boyd, supra, it is said that natural objects and permanent monuments are general terms, susceptible of different shades of meaning, depending largely upon their application. The reference in the notice in that case was to a tree, and the court held it good, as a natural object, and declined to follow a decision of the commissioner of the general office that a tree was not sufficient.

In Southern Cross Company v. Europa Company, 15 Nev. 383, the notice called for stone monuments at each corner of the claim, and described it as bounded by four other claims. This was held sufficient in itself. Whether the monuments mentioned in the notice were designated in it as "permanent" monuments does not appear from the decision.

In Faxon v. Barnard, 1 Colorado, 145, the notice contained no reference whatever to a natural object or permanent monument, and it was held insufficient.

In Baxter Mountain, etc., Company v. Patterson, 3 West Coast, 77 (decided by this court in 1884), the description in the notice was: "Situated on Baxter mountain, west of Baxter gulch, bounded on the west by Homestake lead, on the south end by Silver Cliff claim, on the north end by Rip Van Winkle claim." The court held this notice insufficient, and sustained the court below in excluding evidence offered to show that the claims referred to in the notice had upon their boundary lines lasting and permanent monuments.

The statute requires a reference in the record to a permanent monument, but it does not indicate what that monument shall be, nor where it shall be located, whether on or off the claim, nor whether at the point of beginning in the description, or any intermediate point. The only essentials are, that it be a monument permanent in its character, and referred to in such manner as will identify the claim; that is, the monument must be of such character as to permanence, and the reference to it in the notice must be so definitely made, that a prospector, or other person looking for mineral deposits, could, with the aid of the notice, find the monument, and from it and the description in the notice trace out the extent of the claim. In this case, the initial point in the description is the northeast corner of the Iron King mine. The southeast corner of the Iron King mine is given as another point, and two

monuments of stone are given as the other points, fifteen hundred feet apart, and six hundred feet distant, respectively, from the given corners of the Iron King mine. On the trial there was no pretense that the two monuments of stone were permanent, but it was proposed to show that the given corners of the Iron King mine were monumented. If the reference had been, "beginning at a permanent monument, to wit, the northeast corner of the Iron King mine," it is not contended that this would be bad. In such case, the reference in the notice would be prima facie true. It would not, however, be conclusive. Parol evidence could be introduced to show that the monument called for had, in fact, no existence, or that it was of a temporary character. If this be true, the converse of it, that a call for a point not stated in the notice to be a permanent monument, but which was in fact such, could be shown to be a permanent monument, would seem to be equally true.

It is objected that the call or reference is to a corner, and not what may be erected on the corner as a monument, and that a corner is but the point of intersection, at right angles, of two imaginary lines. This is but begging the question. If the reference be to a corner upon which there is no monument, then the notice would be bad; but if to a corner upon which there was a monument of a durable character, the reference would be sufficient, and the location notice in this respect good. The reference in the notice, therefore, contains a latent ambiguity, and parol proof is always admissible to explain it.

In the North Noonday and Jupiter cases, cited supra, the court, after telling the jury by way of illustration what would be a permanent monument within the purview of the statute, left them to determine, as a question of fact, whether the notice in that and other respects was sufficient.

In the case of Southern Cross Company v. Europa Company supra, the court say, "that, if it were necessary to support the finding of the court below in sustaining the notice, it would presume that the other claims, referred to as boundaries were well known and defined by permanent monuments." This is going further than the facts of the present case demand. Plaintiff asked no presumption in his favor, but simply sought to prove by parol evidence the facts as he claimed them to exist, in order to give him the benefit of his discovery.

In Mount Diablo Company v. Callison, 5 Sawyer, 439, it is said: "The object of any notice being to guide a subsequent locator and afford him information as to the extent of the claim of the prior locator, whatever does this, fairly and reasonably, should be held a good notice. Great injustice would follow if, years after a miner had located a claim, and taken possession and worked upon it in good faith, his notice of location should be subjected to any very nice criticism. The locator should make his location so certain that the miners who follow him may know the extent of his claim, and be able to locate the unoccupied ground without fear of entering upon appropriated territory. But id certum est, quod certum reddi potest. When the miner has stated, as the rules require, the number of feet he claims along the lode on which he has set his stake, and has referred all whom it may concern to the laws of the district, by claiming all the privileges granted by the laws of the district, and those laws in express terms entitle each locator to a certain number of feet, then the length and breadth of his claim are fixed with reasonable certainty; because, by reading the laws of the district with the notice referring to them, the subsequent locator can make certain the exact thing claimed." Gleeson v. Martin White Co., 13 Nev. 442.

The proposition of defendant, carried to its logical

conclusion, would result in holding that the notice must show on its face, by its express terms, that the monument referred to is a tangible, visible thing, conveying with it, in its very name, prima facie, at least, the idea of permanency. This is certainly within the letter of the statute, but is it the true interpretation of it?

In construing a statute the court will look beyond its language, and to matters not strictly within its letter, but which fall within its spirit. U. S. v. Falkenhainer, 21 Fed. Rep. 624. This statute is intended to encourage the development of the hidden mineral wealth of our country, beneficial alike to the government and the citizen, and should be liberally construed. The object of the record is not to specifically describe the claim with absolute precision, but only to the extent that it may be identified. The maxim that "that is certain which may be rendered certain" strongly supports this notice.

In the case in 5 Sawyer, supra, the court held a notice sufficient which directed all concerned to the laws of the district for information as to the extent of the claim. If this be sound, then this notice is certainly sufficient, aided by the testimony offered. Within the principle of the maxim, if the notice so far refers to an object which can readily be resorted to and found by anyone interested in knowing whether or not the particular piece of ground has been appropriated, and, when found, taking it in connection with the notice, he can ascertain the existence, extent, and situs of the claim, it would be valid.

The value of the cases cited as guides to a satisfactory solution of this question is much diminished by the fact that they are limited to the circumstances of each particular case. No rule of universal application, giving to the statute a broad and liberal interpretation, is distinctly announced by them. But this principle may be gleaned from them: That the object

of the notice is to advise the public with reasonable
certainty of the location and extent of the claim, and,
if it possesses within its terms information from which
the location and boundaries may be found and identi-
fied, by reference to some natural object or monument
which is in fact permanent, it is sufficient, although
it fails to designate the natural object or permanent
monument as such, in the precise language of the
statute.    That the question whether such object refer-
red to amounts to a natural object or permanent
monument, within the meaning of the statute, is a
question for the jury; and, therefore, in order to enable
the jury to determine this question, parol testimony is
admissible to show the existence and character of such
object or monument referred to.    Opposed to this view,
the case of Baxter Mountain Company v. Patterson,
supra, so far as my research has extended, in effect
stands alone.

The court below very properly considered it as
binding authority.    That case has been much criticised,
and the principles announced by it have never been
satisfactory to the bar.    It was decided by a divided
court, the chief justice dissenting.    While the facts of
that case are not exactly parallel with the facts in this,
the decision is broad enough, and the doctrine suffi-
ciently comprehensive, to cover this case, if we regard
it as authority.    In that case, as in this, the court
excluded the location notice, and refused to permit
parol evidence to be introduced to show that the loca-
tion was made in accordance with the statute.    The
proceedings in the court below are not fully stated in
the majority opinion, but they appear to be in the dis-
senting opinion of Chief Justice AXTELL.    From his
statements of the history of the trial, I am persuaded
that the decision of the court held the requirements for
a valid location notice and the mode of proving a valid
location to a strictness not contemplated by the framer

of the statute, and in opposition to the current of judicial opinion upon this question. It should, therefore, be overruled.

There is but one other matter to be noticed. Among defendant's objections was one that the notice did not comply with section 1566 of the Compiled Laws, in this: That it did not distinctly mark the location on the ground, so that its boundaries could be readily traced. It is sufficient to say that this question did not arise in the court below, because the action of the court in excluding the location notice rendered any testimony as to the marking of the boundaries upon the ground wholly immaterial. It might be added, in order to avoid misapprehension, that it would appear to be a rather difficult thing for the location notice to show how the boundaries were marked upon the ground. It might, however, have contained a description of such marking, but this would be unnecessary in the notice. It follows that, for the errors committed in excluding the notice and testimony offered, the judgment should be reversed, and the cause remanded, and it is so ordered.

LONG, C. J., and REEVES, J., concur.