59   613
83   171

[No. 7,916.—Department One.]

## C. G. FUNK v. T. C. STERRETT ET. AL.

MINING CLAIM—LOCATION.—Under Section 2324, Revised Statutes (U. S.), the location of a mining claim must be distinctly marked on the ground, so that its boundaries can be readily traced.

ID.—POSSESSION AS EVIDENCE OF TITLE—ACTION TO QUIET TITLE.—Since the passage of the Act referred to, a party can show a right to the pos-

session of a mining claim (where no patent has been issued), only by showing an actual *pedis possessio* (as against a wrong-doer), or by showing a compliance with the requisites of the Act.

APPEAL from a judgment for the plaintiff and from an order denying a new trial in the Superior Court of the County of Placer. MYRES, J.

A petition for rehearing was filed in this case after judgment, and denied.

*T. B. McFarland, Hale & Craig,* and *John M. Fulweiler,* for Appellants.

*George B. Merrill* and *William S. Wood,* for Respondent.

The COURT:

This is an action in the nature of an action to quiet title. The Court below instructed the jury: " In this case, plaintiff is not required to show any strict legal right, in order to recover. It is not like an action in ejectment, where a plaintiff must recover on the strength of his own title. The question here is, which of the two parties has the better right? * * * * Plaintiff claims that he located and put up notices and monuments. If it were true that they had done that so as to mark the boundaries of their claim, that would be a good location; but *if they had not done that,* but were there actually working, and spending their money and improving their claim, they might still have a better right than the defendants, and be entitled to a verdict. * * * You can just take the case and return a verdict for the party which you think, upon the whole, has the better right to purchase this claim."

We see nothing in the case to justify a verdict, or decision, upon such general grounds as were stated by the Court. The Act of Congress in question provides (§ 2324, R. S.), that "the location must be distinctly marked on the ground, so that its boundaries can be readily traced." Since the passage of that Act, a party can show a right to the possession of a mining claim (when no patent has been issued) only by showing an actual *pedis possessio,* as against a mere wrong-doer, or by showing a compliance with the requisites of the Act of Con-

gress. There is no pretense of any actual possession of the whole claim other than by compliance with the Act. The true questions for decision, therefore, were: Which party had complied with the requirements of the law, and was prior in time; not which, "on the whole, had the better right."

Judgment and order reversed, and cause remanded for a new trial.