[No. 8658.   Department One.— November 19, 1885.]

# J. H. TAYLOR, RESPONDENT, v. S. A. MIDDLETON, APPELLANT.

MINING CLAIM— ABANDONMENT— QUESTION FOR JURY. — In an action of ejectment to recover a mining claim, it is for the jury to determine whether a location which the evidence tends to show was made prior to that attempted by the plaintiff has been forfeited or abandoned.

ID.— LOCATION.— The marking of a mining location must be such that the boundaries of the claim can be readily traced, and whether or not the marking conforms to this requirement is a question for the jury.

ID. — CONSTRUCTION OF PLEADINGS. — The construction of the pleadings is the duty of the court, and it is error to instruct the jury in such a manner as to leave it for them to determine whether or not the answer denies certain allegations of the complaint.

ID.— FACT ADMITTED. — The ouster of the plaintiff being admitted by the answer, it is error to instruct the jury that the question of ouster is one of the issues to be tried by them.

APPEAL from a judgment of the Superior Court of Mono County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Bennett & Reddy*, for Appellant.

*Kittrell & Owen*, and *R. M. Clarke*, for Respondent.

ROSS, J. — This is an action of ejectment to recover a mining claim. It seems that the ground was originally located by one Neal, and called the Neal Mine. The plaintiff claims to have subsequently relocated it on the 1st of January, 1881, under the name of the Permelia Mine. The instructions of the court to the jury were erroneous in several particulars.

1. The evidence tended show a location of the ground in question by Neal prior to the attempted location by the plaintiff. Whether or not such location by Neal, if made, was abandoned or forfeited prior to the plaintiff's attempted location on the 1st of January, 1881, was a question for the jury to determine. If at the date mentioned it remained a valid, subsisting location, the ground was not open to location by the plaintiff or any one else. The third and fifth instructions given by the court below were, therefore, erroneous.

2. The court further instructed the jury "that a monument of stone two feet high, placed in the center of the location, with

a notice of location placed thereon, and a similar monument of stone or a stake at the center of each end of the location, and a similar monument or stake at. each corner of the location, are a sufficient marking of the location on the ground, and constitute a valid location of a mining claim." That depends on the condition of the ground to be located. If the conformation is such that monuments and stakes of the description given would so mark the boundaries as that they could be readily traced, they would be sufficient; otherwise not. But that was a question for the jury.

3. The court erred in instructing the jury as it did in the second instruction, that *if they should find* "that the defendant, in his answer, denies plaintiff's title, possession, and right of possession, and claims title, possession, and right of possession in himself, then as to the question of ouster, you are instructed to find for the plaintiff." The construction of the pleadings was a question for the court and not for the jury. The answer admitted the ouster, and the court therefore further erred in the first instruction in telling the jury that the question of the ouster of the plaintiff by the defendant was one of the issues to be tried by them.

Judgment and order reversed and cause remanded for a new trial.

McKINSTRY, J., and McKEE, J., concurred.