[No. 11319.   Department One. —July 27, 1886.]

ROBERT ANDERSON ET AL., RESPONDENTS, *v.* S. N. BLACK ET AL., APPELLANTS.

FINDINGS — EQUITABLE AVERMENTS IN COMPLAINT — ADMISSIONS IN ANSWER — VERDICT — JUDGMENT. — In an action to recover the possession of real property, and for an injunction, where a verdict is rendered in favor of the plaintiffs, upon which judgment is entered, no findings are necessary upon the equitable averments of the complaint, if they are not denied by the answer.

MINING CLAIM — ACTION FOR POSSESSION — MONUMENTS — NOTICE — EVIDENCE — CROSS-EXAMINATION. — The action was brought to recover the possession of a certain mining claim. On the trial, a witness for the plaintiffs was asked on cross-examination as to the location of a side-line monument and notice. On his examination in chief, he had not testified as to such matters. *Held*, that the question was not responsive to the examination in chief, and was properly disallowed.

ID. — SUFFICIENCY OF LOCATION — MARKING BOUNDARIES — INSTRUCTION. — In such an action, the question whether the location of the plaintiffs was so distinctly marked on the ground that its boundaries could be readily traced is for the jury; and where there is evidence to that effect, the court should not instruct the jury that the omission to erect a monument at a certain corner of the claim would be fatal to the plaintiffs' location.

ID. — EXCESSIVE LOCATION — VALIDITY OF CANNOT BE FIRST QUESTIONED ON APPEAL. — An objection to the validity of the location on the ground of the extent of the claim refused consideration because not taken at the trial.

EVIDENCE — CONFLICT OF — VERDICT. — Where the evidence is conflicting, a verdict will not be disturbed on the ground that it is not justified thereby.

ID. — EVIDENCE TENDING TO SHOW ILL WILL OF WITNESS — REJECTION OF WHEN NOT ERROR. — On the trial, one of the plaintiffs, when testifying as a witness in his own behalf, was asked on cross-examination if he had

not on a certain night gone with shot-guns upon the premises in contro-
versy, while the defendants were in the peaceable possession thereof, and
forcibly dispossessed them.  The court disallowed the question.  *Held,*
that the question was proper as tending to show that the witness was
biased or entertained ill will against the defendants, but that its rejection
was without prejudice, as the witness had previously admitted entertain-
ing ill will towards one of the defendants.

APPEAL from a judgment of the Superior Court of San
Bernardino County, and from an order refusing a new
trial.

The plaintiffs claimed title to the mining ground in
controversy under a location made on the 5th of April,
1881.   The defendants claimed under a subsequent over-
lapping location.   The further facts are stated in the
opinion.

*Bryon Waters,* and *W. A. Harris,* for Appellants.

*H. C. Rolfe,* for Respondents.

FOOTE, C.—This action was instituted for the purpose
of recovering the possession of specific real property, a
mining claim, with damages for the withholding thereof,
and for a temporary injunction pending the action.

The verdict of the jury was in favor of the plaintiffs
for the recovery of the possession of the property sued
for, without damages.   It does not appear from the
record whether or not any injunction had been granted.

From the judgment rendered in the cause and an order
refusing a new trial the defendants appeal.

The first point made by them is, that the cause was
one which involved equitable matters, as well as those of
law, and that the court entered its judgment upon the
general verdict of the jury, without any findings.

The only matters of fact which were set up in the
complaint as equitable in their nature, and entitling
the plaintiffs to a temporary restraining order pending
the action, were set up in the fifth paragraph of the com-
plaint.

Those allegations were the only basis upon which a temporary injunction was claimed against the defendants, and were to the effect that the latter were continuing, and threatening to continue, to mine and extract ores and valuable metals from the plaintiffs' alleged premises, yet they were not denied in the answer. The only effort made in that direction was a denial that the defendants had extracted ores or valuable metals from the premises sued for, to the plaintiffs' damage. Thus no equitable issue was raised by the pleadings upon which it became the duty of the court to make a finding.

But that tribunal, it is urged, erred in sustaining the plaintiffs' objection to a question, upon cross-examination, put to the witness Silver by the defendants' attorney.

The question was this:—

"Please point out with reference to that excavation (on plaintiffs' map) where that side-line monument is."

The objection was that it was not responsive to the examination in chief.

It appears that the witness had testified in chief to nothing indicating the existence of any side-line monument; the action of the court in the premises, therefore, was proper.

The defendants afterward called this witness as their own, and proved the location of side-line monuments, so that they suffered no detriment.

Nor in his examination in chief had this witness said anything about monument No. 1, and the objection made to the cross-question put to him, " Was there a notice in No. 1 ?" was properly sustained.

Another question which it is claimed should have been allowed to be answered by the witness Anderson was: " I would like to know if you did not in the month of December last go upon this ground, where they were in possession, working peaceably, with shot-guns, in the night-time, and take forcible possession ?"

The reason of its being regarded as a proper question by the defendants is, that the witness had been inquired of if he entertained any bias or ill will toward the defendants, and that he had replied, "No, sir, I do not, except one"; and that therefore, as tending to show the state of mind of the witness as biased against the defendants, it was proper to show an act of violence done toward them by the witness. Upon the other hand, the plaintiffs contend that to have allowed the question would have been to permit the credibility of the witness to be assailed by proof of a particular wrongful act on his part, and would have been in violation of section 2051 of the Code of Civil Procedure.

If it had clearly appeared that by putting that question an attempt was being made to attack the credibility of the witness by showing him to have committed such a wrongful act as is meant by the section of the Code of Civil Procedure, *supra*, the action of the court would have been correct; but it seems evident from the record that the cross-examination of which the question was a part was for the purpose, not of exhibiting the witness to the jury as one unworthy of belief because of the commission of a crime or unlawful act, but as one who, if he had taken part in a violent demonstration against the defendants of the kind designated in the language of the query put to him, might perhaps have been thought by the jury to be biased or to entertain ill will against the defendants. And in this point of view, it is not deemed by us to have been an improper question, "as it is perfectly well settled that on cross-examination a witness may be interrogated as to any circumstances which tend to impeach his credibility by showing that he is biased against the party conducting the cross-examination, or that he has an interest in the result adverse to such party." (*People* v. *Benson*, 52 Cal. 381.)

But as the witness had by his answer to a previous question already admitted bias or ill will to exist on his

part as to one of the defendants, and was confessedly a
party to the suit whose interest was adverse to that of
the defendant, we do not see how any injury resulted to
them from the question not having been answered.. If
the witness had admitted the facts to exist as intimated
by the question, he could not have appeared to the jury
by such act to have been more unworthy of belief be-
cause of bias or ill will than he had already confessed
himself to be, for he was just as likely to be influenced
in giving his testimony in the cause from ill will toward
one as all of the defendants, and his interest in the suit
as against them all was an undisputed fact in evidence.

It is contended by the defendants also that the court
erroneously refused to give an instruction asked by them,
as follows: —

"If the jury find from the evidence that McBride and
Silver, intending to locate the mining ground claimed
by plaintiffs, erected monuments upon the southwest,
northwest, and northeast corners thereof on the fifth
day of April, 1881, but that they did not erect any mon-
uments at that time to designate the southeast corner of
the claim, and that prior to the erection of such monu-
ment marking the southeast corner of said claim Cov-
ington and Davis located the Nellie Gray claim, and
erected monuments thereon whereby the boundaries
thereof could be readily traced, then you will find for
the defendants."

This instruction, if given, would have informed the
jury, as a matter of law, that the mere fact that the loca-
tors did not place a monument at a certain corner of the
claim they intended to locate would be fatal to the plain-
tiffs' right to recover, even although it should appear
from all the evidence in the cause that the location was
so distinctly marked on the ground as that its boundaries
could be readily traced. Therefore the instruction was
properly refused, as being in contravention of the stat-
ute and invading the province of the jury by instructing

them upon the weight of evidence. (U. S. R. S., sec. 2324; *Taylor* v. *Middleton*, 67 Cal. 656.)

Another point made is, that the evidence was insufficient to justify the verdict. As the jury arrived at their conclusion in the case upon conflicting testimony, we do not think their verdict should be disturbed.

It is further insisted upon as a reason for the reversal of the judgment and order that the proof showed the claim to have exceeded fifteen hundred feet in length. This point was not raised on the trial, either in a motion for a nonsuit, upon instructions to the jury, or in any other way brought to the attention of the court or counsel. And it cannot be successfully urged for the first time here. (*McDonald* v. *Bear River and Auburn W. & M. Co.*, 13 Cal. 238; *King* v. *Meyer*, 35 Cal. 646; *Stoddard* v. *Treadwell*, 29 Cal. 281.)

For these reasons, we are of opinion that the judgment and order should be affirmed.

SEARLS, C., and BELCHER, C. C., concurred.

The COURT.— For the reasons given in the foregoing opinion, the judgment and order are affirmed.

Hearing in Bank denied.