[Sac. No. 699.    Department One.—February 12, 1901.]

J. R. EATON, Respondent, v. T. R. NORRIS et al., Appellants.

MINING CLAIMS—VALIDITY OF LOCATION UNDER STATE STATUTE—PRIOR
VALID LOCATION.— A location of a mining claim made subsequent
to the passage of the state statute of March 27, 1897, "prescribing the manner of locating mining claims," must depend
for its validity upon a compliance with the provisions of that
act, if the ground was open to location; but if a valid location
was made prior to that statute, and remained in force, no valid
location could be made under the statute.

ID.—LOCATION UNDER ACT OF CONGRESS—MARKING OF BOUNDARIES.—A
location made prior to the passage of the act of March 27,
1897, in the absence of local usages or customs, must be governed as to its validity exclusively by the Revised Statutes
of the United States, and especially by section 2324 thereof,
requiring that "the location must be distinctly marked on the
ground so that its boundaries can be readily traced."

ID.—ULTIMATE FACT—IDENTIFICATION OF CLAIM—QUESTION FOR JURY.—
The ultimate fact to be determined as to a location made exclusively under the act of Congress is the placing of such
marks upon the ground as will identify the claim, by being of

[13] 79 Am. St. Rep. 118.
CXXXI. Cal.—36

such character that its boundaries can be readily traced; and it is a question for the jury, or for the court sitting as a jury, to determine whether this has been effected.

ID.—SUFFICIENCY OF FINDINGS — MARKS OF LOCATION — TRACING OF BOUNDARIES.—Where marks of location specifically found by the court are of such a character that it is evident that the "boundaries can be readily traced," the findings will be sufficient, though they do not state that fact in express words.

ID.—MONUMENTS ON THE GROUND.—In considering the question whether the boundaries of the claim can be readily traced, not only are monuments placed at the corners of the claim at the inception of the location to be considered, but also all other objects or monuments placed on the ground prior or subsequent to the location, for the purpose of marking or identifying it, without regard to the mode of identification.

ID.—SUFFICIENCY OF MARKS AND MONUMENTS.—Where the plaintiff located two adjoining quartz claims, each marked at the corners by four oak stakes, two of the stakes being on the dividing line, in the center of which was an oak tree blazed on each side, upon each side of which the ledge was uncovered, and upon which tree notices of location were placed, describing each claim by courses and distances from the tree and from stake to stake, to the place of beginning, and deep cuts were subsequently made in the ledge, and a house was built near the dividing line, in which the plaintiff's men were living, the location is sufficiently marked upon the ground.

ID.—NOTICES OF LOCATION.—The posted notices of location cannot be substituted for the marking; but they may be an aid in determining the situs of the monuments, and constitute a part of the marking, and are not of minor importance where the location is followed by the actual and continued working of the claim.

APPEAL from a judgment of the Superior Court of Siskiyou County and from an order denying a new trial. J. S. Beard, Judge.

The facts are stated in the opinion.

Warren & Taylor, for Appellants.

Gillis & Tapscott, for Respondent.

SMITH, C.—An appeal from a judgment against the defendants and from an order denying a new trial. The suit was to quiet title to two mining claims particularly described, and known as the Luella Quartz Mining Claim—and the Extension

of the same. The former claim was located January 1, 1896, by the plaintiff; the latter by his wife, who conveyed to him prior to the beginning of the suit—he conveying to her an undivided half of his original claim. The defendants claim under a later location of date January 15, 1898; and their location, being subsequent to the act of March 27, 1897, "prescribing the manner of locating mining claims" (Stats. 1897, p. 214), must depend for its validity on compliance with the provisions of that act, with which the court found they failed to comply. As conclusions of law, the court found that the defendants' location was void, and that the plaintiff, being in possession, was entitled to judgment against them as mere trespassers. It is now urged by the appellants that their location was valid, and the findings to the contrary unsupported by the evidence. But the first question to be determined is as to the validity of the plaintiff's location; for if this was valid the claims were not open to location by the defendant.

The plaintiff's locations being anterior to the act of March 27, 1897—and there being in this case no local usage or customs—must be governed, with regard to their validity, exclusively by the provisions of chapter VI of title XXXII of the Revised Statutes of the United States, and especially by those of section 2324 (Rev. Stats., p. 428); the sole requirement of which is that "the location must be distinctly marked on the ground so that its boundaries can be readily traced." The court finds specifically how the locations were in fact marked on the ground, but does not find, in words, that the marks found were such that the boundaries could "be readily traced"; and it is objected that in the absence of such a finding the judgment cannot be sustained.

It is, no doubt, true that the ultimate fact, in determining the validity of a location, is the placing of such marks on the ground as to identify the claim, or—to use the language of the statute—of such a character that the boundaries can be readily traced, and that it is for the jury, or court sitting as a jury, to determine whether this has been effected. (1 Lindley on Mines, sec. 373; *Taylor v. Middleton*, 67 Cal. 656; *Anderson v. Black*, 70 Cal. 230.) But where specific facts are found "from which the existence of the ultimate fact must be conclusively

inferred, the finding is sufficient as the finding of the ultimate fact." Hence if the marks of location as found by the court are of such a character that it is evident that the boundaries can be readily traced the finding will be sufficient; and in such a case, if there be, in addition to the special findings, a general finding to the contrary, the findings will be set aside as conflicting—as was in fact done in a case involving the validity of mining locations, where it was found that "said locations were not distinctly marked on the ground so that their boundaries could be readily traced." (*Howeth v. Sullenger*, 113 Cal. 547.) The question to be considered, therefore, is whether in this case the marking of the location as found was sufficient. And in considering this question, it will be observed, we are not confined to the monuments placed at the corners of the claim at the inception of the location for the purpose of marking it, but may consider also all other objects placed on the ground, either then or subsequently, prior to the defendant's location, either for the purpose of serving as monuments or otherwise. For all that the statute requires is that the claims be marked distinctly on the ground, without regard to the mode.

The two claims of the plaintiff, it appears from the findings, adjoin each other—the Extension being north of the Luella claim. They were each marked at the corners by four oak stakes, about a foot and a half in length, flattened on two sides, and driven into the ground four or five inches—two of the stakes being at the ends of the dividing line and common to both claims. Some of the stakes were in the brush, others in the open ground. In the middle of the dividing line was an oak tree, blazed by the plaintiff on two sides, on which the notices of location were posted. In these the two claims were described respectively by courses and distances, running from the tree to a stake and from stake to stake to the point of beginning. The quartz ledge had been previously discovered and work had been done in developing it on both claims. The plaintiff also opened up and uncovered the ledge a considerable distance from the tree each way. Subsequently the ledge was further developed by three different cuts sunk deep in the rock, aggregating together over eighty feet in length. A house

was built on the Luella claim, near the common boundary of the two claims, in which the plaintiff's men were living.

This, I think, was sufficient under the most stringent construction of the law (*Southern Cross etc. Co. v. Europa etc. Co.*, 15 Nev. 383); and indeed the case seems to come directly within the authority of *Howeth v. Sullenger, supra.*

Stakes driven in the ground are, in the absence of convenient natural objects, the most common means of marking a tract of land, and "the most certain means of identification." (*Hammer v. Garfield Min. etc. Co.*, 130 U. S. 299; 1 Lindley on Mines, sec. 373, p. 483.) It may be that the marking of the claim by substantial stakes at four corners will not be of itself sufficient (*Taylor v. Middleton, supra*); but here it is found that some of the stakes were in the open ground, and as the ledge had been sufficiently developed to show its existence and direction, the boundaries of the claim could be readily traced from these. Both claims were also marked by the blazed oak, and from that alone the boundaries as given in the notice could be readily traced. The posted notices, it is said, cannot be substituted for the marking, but they "may be an aid in determining the situs of the monuments." (1 Lindley on Mines, sec. 373, p. 483.) They therefore constitute a part of the marking, as does every other object placed on the ground for the purpose of marking it or otherwise, if it in fact does help to mark it. It may, indeed, on account of its temporary nature, be, in general, of minor significance, but this is not so where the location is followed by the actual and continued working of the claim. (*Jupiter Min. Co. v. Bodie etc. Min. Co.*, 7 Saw. 110.) I think, therefore, that the plaintiff's locations were good, and the findings sufficient.

This conclusion is also, in some degree, supported by other findings of the court, which are "that defendants were knowing to the above facts, and recognized the existence of said claims, but claimed that a sufficient amount of assessment work had not been performed by the plaintiff"; and that one of them "had been watching the plaintiff during the summer of 1897 to see if he did the required amount of assessment work on his claims." It appears, therefore, that the location was at least sufficient to satisfy the defendants, who alone are ad-

versely interested; and that it thus effected the full purpose contemplated by the act.

I advise that the judgment and order appealed from be affirmed.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

Garoutte, J., Van Dyke, J., Harrison, J.