[Civ. No. 5694. First Appellate District, Division One.—March 8, 1927.]

## ALDO DE WITT, Respondent, v. W. I. SIDES et al., Appellants.

[1] MINING LAW—LOCATION OF CLAIM—POSTING NOTICE—BOUNDARIES. In order to acquire a valid title to a mining claim, under sections 1426 and 1426a of the Civil Code, and section 2324 of the United States Revised Statutes, it is essential to post notice of location at the point of discovery, and to distinctly mark and define the boundaries of the claim on the ground so that they may be readily traced.

[2] ID.—RIGHT TO POSSESSION—SHOWING REQUIRED.—A party can show a right to the possession of a mining claim (when no patent has issued) only by showing an actual *pedis possessio* as against a mere wrongdoer, or by showing a compliance with the requirements of law.

[3] ID.—EJECTMENT—POSSESSION—TITLE—EVIDENCE.—In this action in ejectment for the recovery of a mining claim, where neither plaintiff nor his grantor was in possession of said claim, nor did they mark its boundaries in the manner required by law, prior to the time defendants took possession and complied with all legal requirements as to its location, plaintiff failed to establish a *prima facie* title and was not entitled to judgment.

[4] ID.—FAILURE TO COMPLETE LOCATION—QUARANTINE—EVIDENCE—FINDINGS.—In such action, plaintiff was not entitled to judgment on the ground that defendants, in taking possession of said claim, violated a hoof and mouth disease quarantine, which prevented him and his grantor from completing their location according to law, in the absence of findings that defendants were not in the district when the quarantine was proclaimed or did not afterward enter it lawfully or without knowledge of the quarantine, the presumption being that they were innocent of wrongdoing under subdivision 1 of section 1963 of the Code of Civil Procedure.

[5] ID.—TITLE—FAILURE TO MARK BOUNDARIES—FINDINGS.—In such action, even though it be assumed that the findings fairly imply a wrongful entry by defendants in violation of the hoof and mouth disease quarantine, such fact cannot be made to supply plaintiff's failure to mark the boundaries of the claim, which was the essen-

---

1. Notice of location and markings upon the ground, note, 7 L. R. A. (N. S.) 833, 856. See, also, 17 Cal. Jur. 333, 336; 18 R. C. L. 1129, 1131.

2. See 17 Cal. Jur. 304.

tial element in plaintiff's title, under sections 1426 and 1426a of the Civil Code and section 2324 of the United States Revised Statutes.

[6] EJECTMENT — TITLE — EVIDENCE. — Plaintiff must stand on the strength of his own title alone, in order to establish a *prima facie* case in ejectment.

[7] MINING LAW—ENTRY IN VIOLATION OF QUARANTINE—TITLE.—In such action, the wrongful entry on said mining claim by defendants in violation of the hoof and mouth disease quarantine would not invalidate their title, because the existence of said quarantine had no effect upon the operation of the mining laws under which defendants acquired title.

[8] ID. — FAILURE TO COMPLETE ENTRY BECAUSE OF QUARANTINE — RIGHTS OF CLAIMANTS.—In such action, although defendants' entry on said mining claim may have constituted a criminal offense for which they might have been subjected to punishment for misdemeanor, it was an offense against the health laws of the state, and did not amount to an invasion of any personal or property right of plaintiff or his grantor, who had not taken possession or complied with the requirements of sections 1426 and 1426a of the Civil Code and section 2324 of the United States Revised Statutes, as to the location of the claim.

---

(1) 40 C. J., p. 797, n. 10, p. 798, n. 25. (2) 40 C. J., p. 928, n. 61. (3) 40 C. J., p. 929, n. 78. (4) 40 C. J., p. 930, n. 93. (5, 6) 19 C. J., p. 1039, n. 73. (7, 8) 40 C. J., p. 813, n. 81.

APPEAL from a judgment of the Superior Court of Fresno County, S. L. Strother, Judge. Reversed, with directions.

The facts are stated in the opinion of the court.

Hansen & Jertberg and Gallagher & Jertberg for Appellants.

Burns & Watkins for Respondent.

KNIGHT, J.—This is an action in ejectment, wherein plaintiff obtained judgment for the recovery of the possession of a mining claim. Defendants have appealed on the

---

6. General rule that plaintiff must recover, if at all, on strength of his own title, note, 18 L. R. A. 781. See, also, 9 Cal. Jur. 1013; 9 R. C. L. 906.

judgment-roll alone, contending that the findings are insufficient, to support the judgment.

The facts found were as follows: On March 31, 1924, Oscar de Witt, plaintiff's grantor, posted a notice of location on the mining claim in question, situate on government land in Fresno County, but did not distinctly mark the location on the ground so that its boundaries could be readily traced. On April 2, 1924, he caused said notice of location to be recorded in the county recorder's office in said county, and on April 26, 1924, which was within thirty days after posting the notice of location, accompanied by a man named King, undertook to again go upon said claim for the purpose of staking and monumenting the same, but upon reaching a point about one-half mile therefrom "they came to and saw a sign on a closed gate opening into the field embracing said mining claim, giving notice to all people not to enter into or on the territory within the gate" while a provisional quarantine was in effect, which the court found had been proclaimed on March 27, 1924, by the Governor of California on account of the hoof and mouth disease at that time prevalent among the cattle in that part of Fresno County. On the same day of the unsuccessful attempt to reach said claim de Witt conveyed all of his interest therein by deed to plaintiff.

The day following, and on April 27, 1924, knowing that de Witt had so posted said notice on such claim, "the defendants, persons and citizens of the United States, entered into and upon said mining claim and have ever since remained in possession of the same, and on April 30, 1924, . . . while in possession of said described mining claim, posted on said mining claim a notice in writing whereby they located the said land as a mining claim," describing it, and on the same day "placed on said mining claim rock monuments sufficient to enable a person to readily trace the boundaries described in defendant's location notice." Thereafter they duly recorded said notice of location in the recorder's office of Fresno County. The conclusions of law were "that said location notice so posted . . . by the said Oscar de Witt was and is good and valid; that by reason of the provisional quarantine . . . plaintiff could not lawfully enter into and upon said min-

ing claim to properly monument the same prior to May 1, 1924; that plaintiff was entitled to the possession of. said described mining claim . . . " Judgment in plaintiff's favor was entered accordingly.

[1] In order to acquire a valid title to a mining claim, under state and federal statutes, it is essential to post notice of location at the point of discovery, and also to distinctly mark and define the boundaries of the claim on the ground so that they may be readily traced. (Civ. Code, secs. 1426, 1426a; U. S. Rev. Stats., sec. 2324.) There appears to be no statutory time fixed within which the boundaries of the location shall be marked or defined, after posting notice (*Newbill* v. *Thurston,* 65 Cal. 420 [4 Pac. 409]), provided it be done within a reasonable time (*Union Mining & Milling Co.* v. *Leitch,* 24 Wash. 585 [85 Am. St. Rep. 961, 64 Pac. 829]; *Patterson* v. *Hitchcock,* 3 Colo. 533) and before adverse rights attach (*Sharkey* v. *Candiani,* 48 Or. 112 [7 L. R. A. (N. S.) 791, 85 Pac. 219]; Lindley on Mines, 2d ed., sec. 372); and accordingly it has been held that "a subsequent locator cannot object that the first location was not marked in time, provided it was sufficiently marked before his location." (*Crown Point Gold Min. Co.* v. *Crimson et al.,* 39 Or. 364 [65 Pac. 87].)

[2] The authorities further hold, however, as plaintiff concedes, that where notice is properly posted, but the locator does not remain in possession of said claim or distinctly mark the same on the ground so that its boundaries can be readily traced, the location is invalid as against a subsequent locator who complies with the requirements of the statute. (*Holland* v. *Mount Auburn G. & Q. Min. Co.,* 53 Cal. 149; *Funk* v. *Sterrett,* 59 Cal. 613; *Donohue* v. *Meister,* 88 Cal. 121 [22 Am. St. Rep. 283, 25 Pac. 1096]; *Eaton* v. *Norris,* 131 Cal. 561 [63 Pac. 856]; *Newbill* v. *Thurston, supra.*) In other words, as said in *Funk* v. *Sterrett, supra,* a party can show a right to the possession of a mining claim (when no patent has issued) only by showing an actual *pedis possessio* as against a mere wrongdoer, or by showing a compliance with the requirements of law.

[3] Under the rule last stated, it would clearly appear that plaintiff failed to establish *prima facie* title to said claim because, as the findings affirmatively show, neither

he nor his grantor was in possession of said claim, nor did they mark its boundaries in the manner required by law, prior to the time defendants took possession of the same and complied with all the legal requirements as to its location. Therefore plaintiff was not entitled to judgment.

[4] Plaintiff contends, however, that because of the conditions created by the existence of the provisional quarantine he and his grantor were prevented from completing their location, and that when defendants "went into possession of said mining claim . . . they did so in violation of the provisional quarantine then in force"; that consequently the determination of the case is not to be controlled by the general rule hereinabove stated. We are unable to sustain this contention, first, because the trial court did not find, as plaintiff claims, that defendants' entry upon said mining claim was violative of said provisional quarantine, nor in contravention of any law. For aught the findings show, defendants may have been within the restricted district embracing said claim when the quarantine was proclaimed, or may have afterward entered upon said claim lawfully or by some other route than the one attempted to be taken by plaintiff's grantor, not knowing of the existence of said quarantine; and in the absence of a finding to the contrary the presumption is that they were innocent of any crime or wrongdoing. (Subd. 1, sec. 1963, Code Civ. Proc.) [5, 6] Secondly, even though it be assumed that the findings fairly imply a wrongful entry, such fact cannot be made to supply the essential element lacking in plaintiff's title, namely, the failure to mark the boundaries of said claim, for upon the strength of such title alone he must stand in order to establish a *prima facie* case in ejectment. [7, 8] Neither can such wrongful entry be held to invalidate defendants' title, because the existence of said quarantine had no effect upon the operation of the mining laws under which defendants acquired their title; and, moreover, although such entry may have constituted a criminal offense for which defendants might have been subjected to punishment for misdemeanor, it was an offense against the health laws of the state and did not amount to an invasion of any personal or property right

of plaintiff or his grantor, in said mining claim, because they had acquired none.

For the reasons herein stated, the judgment is reversed, with directions to re-enter the same in defendants' favor upon the facts found, and in accordance with the motion previously made by defendants under section 663 of the Code of Civil Procedure.

Tyler, P. J., and Cashin, J., concurred.