[No. 948.]

SOUTHERN CROSS GOLD AND SILVER MINING COMPANY, RESPONDENT, *v.* EUROPA MINING COMPANY, APPELLANT.

MINING CLAIM—SUFFICIENT MARKING OF BOUNDARY LINES.—Where stakes and stone monuments were put at each corner of the claim, and at the center of each of the end lines: *Held,* to be a sufficient marking of the boundaries.

IDEM—RECORD OF CLAIM, WHEN NOT NECESSARY.—A record is not, under the laws of congress, essential to the validity of a mining claim, unless made obligatory by local regulations.

IDEM—NOTICE OF LOCATION.—A notice of location, which called for stone monuments at each corner of the claim, and described it as being bounded by four other well-known claims : *Held,* sufficiently definite, as to the *locus* of the claim.

ASSAYS OF ROCK TAKEN AFTER LOCATION OF CLAIM—COMPETENT EVIDENCE
   TO PROVE EXISTENCE OF MINERAL VEIN.—Assays of rock which was
   taken from a mining claim, long after the date of its location, are compe-
   tent evidence, as tending to show that the locators had discovered a vein
   at the time of the location.

APPEAL from the District Court of the First Judicial
District, Storey County.

The facts appear in the opinion.

*Lewis & Deal,* for Appellant.

*Kirkpatrick & Stephens,* for Respondent.

By the Court, BEATTY, C. J.:

This is an action to recover possession of a mining claim.
The defendant, appealing from the judgment and order de-
nying its motion for a new trial, contends that the district
court erred in finding as a fact that there was a sufficient
marking of the boundary lines of the location under which
the plaintiff claims the ground in controversy.

We think there was abundant evidence to sustain the
findings of the court on this point. It showed that stakes
and stone monuments were put at each corner of the claim
and at the center of each of the end lines. This was much
more than the marking held to be sufficient in *Gleeson* v.
*Martin White Company* 13 Nev. 462; and as much as has
ever been required under the most stringent construction
of the mining law.

Next it is contended that no sufficient record of plaintiff's
claim was proven.

Record is not, under the act of congress, essential to
the validity of a mining claim. (*Golden Fleece Co.* v. *Cable
Con. Co.,* 12 Nev. 323.) It is only necessary when made
obligatory by local regulations, and there was no proof in
this case of any such local rule. It was, however, proved
that plaintiff's notice of location was recorded in the dis-
trict records, and we think that the notice contained
enough in itself to satisfy the law. It called for stone
monuments at each corner of the claim, and described it as

bounded by four other claims. If it were necessary, in order to support the findings of the court, we would presume that these other claims were well known and defined by permanent monuments. If they were so defined, there can be no question that plaintiff's notice was sufficiently definite as to the *locus* of its claim, and it is not pretended that it was deficient in any other respect.

Lastly, it is said the district court erred in permitting an assayer to testify to the results of assays of rock taken from plaintiff's claim long after the date of its location.

The object of this testimony was to prove that the locators had discovered a vein at the time of the location, and appellant contends that it had no such tendency, and was therefore immaterial and irrelevant.

We think the evidence had a distinct tendency to prove the fact at issue. It proved the existence of mineral-bearing rock in the claim at the date of the assays, and since veins do not grow and become mineral-bearing in a year or two, it proved that the vein was there at the date of the location, and proof of the existence of a vein is an essential step in proving its discovery.

The record discloses no error in the proceedings of the district court, and the judgment and order appealed from are affirmed.