[S. F. No. 102.   Department One.—July 28, 1896.]

## W. S. HOWETH, RESPONDENT, v. J. C. SULLENGER ET AL., APPELLANTS.

MINING CLAIMS—APPLICATION FOR PATENT—DETERMINATION OF ADVERSE CLAIM—VALIDITY OF LOCATION—CONTRADICTORY FINDINGS.—In an action to determine an adverse claim filed in the land-office in opposition to an application for a patent, when the court found that neither of the parties were entitled to the premises, but made specific findings from which it appears conclusively that the claim was located by the adverse claimant in accordance with the laws of Congress, such specific finding cannot be disregarded, though in conflict with a general finding against the validity of such location, and such contradictory findings are ground for reversal of the judgment upon appeal by such adverse claimant.

ID.—CLAIM NOT IN MINING DISTRICT—MARKING OF BOUNDARIES.—Where a claim is not in a mining district, any marking of the boundaries so that they can be readily traced, is sufficient; and stakes and stone monuments set at each corner of the claim and in the center of each end line, with one or more notices of location sufficient for identification of the claim, is a compliance with the statute.

ID.—OFFICIAL SURVEY—CONTRACTION OF CLAIM—LOCATION VOID ONLY AS TO EXCESS.—It is not material that an official survey of the claim does not correspond identically with the lines of location, since the courses and distances are only estimated by miners in making their locations, and when the location is in excess of the amount allowed by the law of Congress, the surveyor contracts the lines and draws in the monuments in conformity to the statute, the location as made by the miner being only void as to the excess.

APPEAL from a judgment of the Superior Court of Napa County.   E. D. HAM, Judge.

The facts are stated in the opinion.

*John P. O'Brien*, and *C. S. Harker*, for Appellants.

Any marking on the ground by stakes, mounds, and written notices, whereby the boundaries can be readily

traced, is sufficient. (*Jupiter Min. Co.* v. *Brodie etc. Min. Co.,* 7 Saw. 96; *Southern Cross etc. Co.* v. *Europa etc. Co.,* 15 Nev. 383; *North Noonday Min. Co.* v. *Orient Min. Co.,* 6 Saw. 313; *Gleeson* v. *Martin White Min. Co.,* 13 Nev. 462.) As the general findings cannot be reconciled with the specific findings, the latter must control. (*Hidden* v. *Jordan,* 28 Cal. 302; *Warden* v. *Enslen,* 73 Cal. 291; *Geer* v. *Sibley,* 83 Cal. 1; *Smith* v. *Los Angeles etc. Co.,* 98 Cal. 211.)

*F. E. Johnson,* for Respondent.

Haynes, C.—The defendants commenced proceedings under the mining laws of the United States to obtain a patent for the "White Rock Deposit" mining claim. The plaintiff in due time filed an adverse claim in the United States land-office, claiming the same ground under an alleged location thereof, and this action was brought to determine the rights of the parties to the ground in controversy. The cause was tried by the court without a jury; findings were filed, from which, as a conclusion of law, the court found that neither party was entitled to the premises, and dismissed the action, each party to pay his own costs, and from the judgment entered thereon the defendants appeal upon the judgment-roll.

The findings show that appellants attempted to locate the ground in question on November 4, 1882, under the name of the "Comet," and all the facts necessary to show a valid location are recited, except that it was said that "the marking of said location claim on the ground was such that its boundaries could not be readily traced"; and it was further found that from that time until the twenty-ninth day of April, 1890, they were in the sole and undisputed possession, holding the same by virtue of their attempted location. The sixth and seventh findings are as follows:

"6. That having formerly discovered a lode or deposit of mineral or mineral-bearing rock bearing magnesite, on the twenty-ninth day of April, 1890, defendants

attempted to make a relocation of the said lands and
premises, under the name of the "White Rock Deposit,'
by posting thereupon in conspicuous places, viz., on a
pine tree near the ledge, and on the said south center
stake of the land so claimed, notices in which the names
of the locators, the date of location, and description of
said lands and premises, by reference to permanent
monuments sufficient for identification of said claim,
were given, and thereupon marking said location on the
ground by erecting a stake three or four inches in
diameter and four or five feet high, in a mound of rocks
two or three feet across and eighteen to twenty-four
inches high, at the north end, and another at the south
end of the center line, and a like stake and mound at
each of the four corners of their claim; which marking
and location embraced the lands and premises in dis-
pute.

"7. Said locations were not distinctly marked on the
ground so that their boundaries could be readily traced."

The court further found that the location notice was
duly recorded, that the requisite amount of work was
performed, that it had been surveyed under the direc-
tion of the United States surveyor general, "showing
accurately the boundaries of the claim distinctly
marked by monuments on the ground."

Without referring more particularly to the findings,
it may be said that the only question is whether the
relocation was sufficiently marked upon the ground, all
other requirements essential to a valid location appear-
ing to have been complied with.

The record gives no intimation of the defect upon
which the conclusion of the trial court was based.   The
sixth finding shows that notices of the location were
posted in conspicuous places, containing a "description
of said lands and premises sufficient for identification,"
that stakes and mounds of rock were erected at the
north and south ends of the center line, and a like
stake and mound at each of the four corners of the claim,

and "which marking and location embraced the lands and premises in dispute."

Section 2324 of the United States Revised Statutes, provides that "the location must be distinctly marked on the ground so that its boundaries can be readily traced," but does not prescribe how it shall be marked; that matter is left to the regulation of the local laws. (*Carter* v. *Bacigalupi*, 83 Cal. 188.)

The mining claim here in question is alleged in the answer to be in "no mining district," and is therefore governed by the general provisions of the United States Revised Statutes. This statute was considered in *North Noonday Min. Co.* v. *Orient Min. Co.*, 6 Saw. 299; 1 Fed. Rep. 522. The court, instructing the jury, said: "Any marking on the ground claimed by stakes and mounds and written notices, whereby the boundaries of the claim located can be readily traced, is sufficient."

In *Southern Cross etc. Min. Co.* v. *Europa Min. Co.*, 15 Nev. 383, 9 Mor. Min. Rep. 513, it was held that "stakes and stone monuments, set at each corner of the claim and at the center of each end line, is a sufficient marking of the boundaries under the most stringent construction of the act of Congress." In *Gleeson* v. *Martin White Min. Co.*, 13 Nev. 442, 9 Mor. Min. Rep. 429, it was held that setting stakes at the four corners of the claim is a sufficient marking of the boundaries. In some cases in other jurisdictions it has been held that a stake and notice at each end of the center line with a claim of a given number of feet on each side is a compliance with the statute; but no case requires more in marking the boundaries of a lode claim than a stake or monument at each corner and at the center of each end, with one or more notices of location.

The sixth finding having shown that the claim was so marked upon the ground that its boundaries could be readily traced, the seventh finding is a mere conclusion from the specific facts found, and is wholly inconsistent therewith. If the seventh finding stood alone as the finding of an ultimate fact, it would support the

judgment; but if the specific findings of probative facts set out in the sixth finding are true the seventh cannot be true, and, in such case, the specific findings cannot be disregarded. (*Geer* v. *Sibley,* 83 Cal. 1; *People* v. *Reed,* 81 Cal. 76; 15 Am. St. Rep. 22.) In *Smith* v. *Acker,* 52 Cal. 219, it was said : "It has been held that where facts are found from which the existence of the ultimate fact must be conclusively inferred, the finding is suffi-cient as the finding of an ultimate fact. But when the ultimate fact *is found,* no finding of probative facts which may tend to establish that the ultimate fact was found against the evidence can overcome the principal finding." The qualifying words in this quotation must not be overlooked. If the existence of the ultimate fact must be *conclusively inferred* from the probative facts found, it is the equivalent of a finding of an ultimate fact; but, if the probative facts found simply *tend* to show that the ultimate fact was found against the evi-dence, the finding of the ultimate fact cannot be ques-tioned on appeal without bringing up the evidence.

In the case before us we can conceive of no ground upon which it can be said that defendant's location was not so marked upon the ground that its boundaries could be readily traced, if the specific facts stated in the sixth finding are true, and those facts are strengthened, if that is possible, by the fact found by the court that defendants' claim has been surveyed by or under the di-rection of the United States surveyor-general, " showing accurately the boundaries of the claim distinctly marked by monuments on the ground," though such marking by the surveyor-general requires no greater number of stakes or monuments than were erected by the locators. Nor is it material that the lines and monuments of the official survey do not correspond to or be identical with those of the original location, since the courses and distances are simply estimated by miners in making their locations, and hence it often happens that claims are located covering more than fifteen hundred feet in length and six hundred feet in width, and, in such case,

the surveyor contracts the lines and draws in the monuments so as to make the location conform to the requirements of the statute, the location being void only as to the excess.

The plaintiff not having appealed, the judgment against him is conclusive, but the findings upon the defendants' case being inconsistent and conflicting, the judgment against them is reversed, with directions to the court below, upon the evidence already heard, and such further evidence, if any, as defendants may introduce, to so correct its findings in the particular herein discussed as shall make them consistent and in accord with this opinion.

SEARLS, C., and BRITT, C., concurred.

For the reasons given in the foregoing opinion the judgment against the defendants is reversed, with directions to the court below, upon the evidence already heard, and such further evidence, if any, as defendants may introduce, to so correct its findings and conclusions of law as shall make them consistent and in accord with this opinion.

HARRISON, J., GAROUTTE, J., VAN FLEET, J.