[S. F. No. 4682.   Department Two.—March 12, 1908.]

## J. H. LEVY, Respondent, v. M. J. LYON, Appellant.

VENDOR AND VENDEE—OPTION TO PURCHASE LAND—UNILATERAL CONTRACT—TENDER OF PERFORMANCE.—An option for the purchase of land, which by its terms contains a promise by the owner to sell on certain conditions, without any obligation to buy on the part of the person to whom the option is given, is a unilateral contract, and becomes mutual only in the event that the latter should, within a reasonable time and before a withdrawal of the offer, make tender of performance on his part. Performance upon the part of him to whom the option runs consists of a valid tender of the amount due under the contract, coupled with a demand for a deed.

ID.—OWNER MAY QUIET TITLE.—The owner of the land may maintain an action to quiet his title thereto against the person to whom such option was given, and who, for more than four years after the execution of the option, has failed to make tender of performance.

APPEAL from a judgment of the Superior Court of Santa Clara County. M. H. Hyland, Judge.

The facts are stated in the opinion of the court.

Milton L. Schmitt, for Appellant.

E. M. Rosenthal, for Respondent.

McFARLAND, J.—The plaintiff brought his action to quiet title to certain real property. The action was commenced November 1, 1905. Defendant appeared by answer and cross-complaint, and alleged that on April 6, 1901, plaintiff had executed to him an option for the purchase of the lands in the complaint described, the material portions of which option are as follows: "I hereby agree to sell to M. J. Lyon or assigns, certain property or land, ten acres more or less, adjoining the property of M. J. Lyon on the south, described as follows: [here follows the description] including use of abstract title to said lands, title to be satisfactory to purchaser. Deed to be delivered in shortest possible time without delay"; that on the thirtieth day of the following May he "requested and demanded from said J. H. Levy the deed to the said premises"; that at divers times since he has demanded the delivery of the deed from plaintiff and has requested "at all of said times that the said Levy provide the said Lyon with an abstract of title of said property, in order that the sale contemplated in said agreement herein referred to might be consummated." The prayer of the complaint, amongst other things, is that the court adjudge and decree, "that the said J. H. Levy make, execute and deliver the deed to said premises to the said M. J. Lyon upon the said M. J. Lyon complying with the terms of sale set forth in said agreement."

The option was a unilateral contract, binding the defendant to do nothing and binding only upon the plaintiff; becoming mutual only in the event that the defendant should, within a reasonable time and before the withdrawal of the offer, make tender of performance on his part. In such a contract, performance upon the part of him to whom the option runs consists of a valid tender of the amount due under the contract, coupled with a demand for the deed. This, defendant nowhere pleads that he made. He specifically pleads that he demanded a deed, but nowhere avers that

he ever tendered the consideration for the deed.  More than four years after the execution of the option he seeks to have a court of equity declare it to be a subsisting, valid, and binding obligation on the part of the owner of the land, without any tender of performance ever having been made. The general demurrer to the cross-complaint and answer were properly sustained, and as this option constitutes the sole claim of defendant to title in the property, the judgment quieting that title in favor of plaintiff was proper.

The judgment appealed from is affirmed.

Henshaw, J., and Lorigan, J., concurred.