[Civ. No. 609.   Second Appellate District.—April 23, 1909.]

IVER M. HOLDT, REBECCA HOLDT and E. M. MERRIFIELD, Respondents, v. R. D. HAZARD, ALEX HARDIE, and W. K. HOBSON, Appellants.

MINING CLAIMS—VALID LOCATIONS—DISCOVERY—NOTICES—MARKING OF BOUNDARIES—EJECTMENT AGAINST ADVERSE LOCATORS.—When ore was discovered on each of three claims located, and a notice of location was posted upon each, showing its boundaries, and stakes were set at the four corners of each claim, with stones piled around some of them in order to mark its boundaries, each of the locations is valid; and when the locators thereof entered into a mining partnership to work and develop each of them, they are entitled to maintain an action of ejectment to recover the possession thereof from the defendants, who entered into the possession of each of the

three claims during plaintiffs' absence, and made adverse locations thereof.

ID.—SUPPORT OF FINDINGS FOR PLAINTIFFS.—*Held,* that the evidence without conflict supports a finding for plaintiffs as to the discovery of ore, that the evidence sufficiently supports a finding of partnership between the plaintiffs, and that they expressly agreed to hold and work the claims for their joint use and benefit, and worked the same accordingly, and that each of the original locations was made in accordance with section 2324 of the Revised Statutes of the United States, and that the adverse locations of the defendants were without right.

ID.—ACTUAL POSSESSION OF LOCATED CLAIMS NOT ESSENTIAL TO PROTECTION OF LOCATOR.—After a valid location has been made, the right of possession thereof is continuous until it has been abandoned or forfeited by failure to do annual work within the prescribed time; and when the right of possession continues, the locator need not keep an actual possession of the claim; and no valid adverse location can be made while the first valid location continues effective.

ID.—ABSENCE OF PROOF OF CITIZENSHIP IMMATERIAL.—The failure to prove that all of the first locators were citizens of the United States was immaterial, where no issue was tendered thereon, and even if it appeared that some of them were aliens, it would be immaterial, and could not affect the validity of the location, in actions between private persons only.

ID.—CITIZENSHIP OF LOCATORS THE CONCERN ONLY OF THE UNITED STATES.—The citizenship of the locators of mining claims is a matter which concerns the government of the United States only, and it is settled by the decisions of the courts of the United States that the question of the qualification of the locator of a mining claim, so far as the validity thereof is affected by his alienage, cannot be raised or determined in an action to which the United States is not made a party.

ID.—JUDGMENT—SUFFICIENCY OF DESCRIPTION OF CLAIMS.—A description of the claims in the judgment according to the notices posted, which constitute a part of the marking of the claims, and which taken with the data contained therein is sufficient to enable one to identify the property with reasonable certainty, is sufficient.

APPEAL from a judgment of the Superior Court of San Luis Obispo County, and from an order denying a new trial. E. P. Unangst, Judge.

The facts are stated in the opinion of the court.

Day & Day, for Appellants.

Carpenter & Gibbons, and R. V. Bouldin, for Respondents.

SHAW, J.—This is an action to recover possession of three certain mining claims from which it is alleged plaintiffs were ousted by defendants. Judgment went for plaintiffs, from which, and an order denying their motion for a new trial, defendants prosecute this appeal.

The complaint alleges that on November 16, 1906, and at the time of instituting the suit, plaintiffs, who were partners for the purpose of working the same, were the owners, in possession of, and entitled to the possession of, three certain mining claims situated in section 33, township 28 south, range 11 east, Mount Diablo meridian, San Luis Obispo county, each of which claims was six hundred feet in width by fifteen hundred feet in length, bounded and marked by certain stakes and monuments thereon, which said claims were known as "Crown Copper and Silver Claim," "Black Horse Copper and Silver Claim" and "Saddlerock Silver and Copper Claim"; that, while plaintiffs were such owners, so possessed, and entitled to the possession thereof, defendants did, on November 16, 1906, wrongfully and unlawfully enter thereupon and did oust and eject plaintiffs, and since said date have unlawfully withheld possession thereof. The answer is a general denial.

The findings attacked by appellants upon specifications of insufficiency of evidence to support the same are, in effect: That each of said plaintiffs was a citizen of the United States; that they agreed to hold and work said claims as joint owners and partners therein; that at the time of making said locations plaintiffs discovered ore in place in ledges upon each of said claims, which ore so found justified plaintiffs in believing that the claims contained mineral in paying quantities; that at the time plaintiffs made their locations the lands were unoccupied and part of the public domain; that on September 2, 1906, plaintiffs, in accordance with the provisions of chapter VI, title 32, of the Revised Statutes of the United States, [U. S. Comp. Stats. 1901, pp. 1422-1442], posted a notice upon each of said claims, particularly describing the same and the boundaries thereof, together with the names of the locators; that on September 3 and 4, 1906, plaintiffs, by stakes and monuments, marked the boundaries of each of said claims, so "that a person unfamiliar with said lands could readily have found all of said stakes and said mounds and could

thereby have determined the boundaries of said claims with reasonable certainty." The court also found that on October 12, 1906, defendants ousted plaintiffs from the possession of said claims and posted notices of location upon the "Black Horse" claim, designating it as the "Andicondi" claim, located by defendant Hobson, and posted a notice of location upon the "Crown" claim, designating it as the "San Ramon" claim, with defendant Hazard as the locator thereof; that ever since said date said defendants have retained possession of said lands; that as to the "Saddlerock" claim, located in the name of Rebecca Holdt, defendants in open court disclaimed any claim or right to possession thereof.

The evidence, without conflict, fully supports the finding as to the discovery of ore. Indeed, appellants conceded in open court that the mines contained ledges of mineral, but they denied plaintiffs' discovery. (*Book* v. *Justice Min. Co.*, 58 Fed. 106; *Muldrick* v. *Brown*, 37 Or. 185, [61 Pac. 428].)

The evidence touching the question of a partnership between the plaintiffs, as found by the court, tends to prove an express agreement between the parties that they should hold and work the claims for their joint use and benefit. This, together with evidence of the fact that some work was done upon the property, is sufficient to support the finding.

The finding to the effect that each of said plaintiffs was a citizen of the United States is not supported by the evidence. That question, however, was not in issue, and, so far as it concerned the rights of the parties to this action, it was wholly immaterial whether plaintiffs were citizens or aliens. Their citizenship is a matter which concerns the government of the United States only. Notwithstanding the fact that the contrary has been held in some jurisdictions, it is now well settled by the decisions of the courts of the United States that the question of qualification of the locator of a mining claim, so far as the validity thereof is affected by his alienage, is one which cannot be raised or determined in actions between private individuals wherein the United States is not made a party. (*Billings* v. *Smelting Co.*, 51 Fed. 338; *Manuel* v. *Wulff*, 152 U. S. 507, [14 Sup. Ct. 651]; *McKinley Creek Min. Co.* v. *Alaska Min. Co.*, 183 U. S. 563, [22 Sup. Ct. 841]; Snyder on Mines, sec. 267; Costigan on Mining Law, sec. 47; *Tornanses* v. *Melsing*, 109 Fed. 710.)

The question involved here is the right of possession between two contesting locators, and it may be conceded, as contended by appellants, that at the time defendants entered upon and took possession of the claims plaintiffs were not in the actual possession thereof. Such being the case, plaintiffs' rights must rest upon the finding of the court to the effect that at the time of defendants' entry plaintiffs had made a valid location of the claims, in accordance with the provisions of section 2324 of the Revised Statutes of the United States, [U. S. Comp. Stats. 1901, p. 1427], and, in the absence of any supplementary local regulation, nothing further was required. "After a valid location has been made the locator need not keep an actual possession of the claim. His right of possession will continue until he has in fact abandoned it, or has forfeited it by failure to do the requisite amount of work within the prescribed time." (*Harris* v. *Kellogg,* 117 Cal. 488, [49 Pac. 708]; *Belk* v. *Meagher,* 104 U. S. 279.) This finding, however, is attacked upon the ground that the evidence is insufficient to sustain it.

The evidence clearly tends to show the posting of notices upon each claim designating therein the place of posting as being the starting point, which notices contained calls and distances to certain stakes at the four corners of each claim, the area of which was six hundred feet by fifteen hundred feet. It also clearly tends to show that the stakes thus called for in the notices were set and, in some cases, stones piled around them. Appellants concede that, "taking all this evidence together, the court might find the plaintiffs did or did not set stakes, and the finding would not be likely to be disturbed, but it seems impossible to find therefrom that the lines were so marked that they could be easily traced." In *Southern Cross etc. Min. Co.* v. *Europa Min. Co.,* 15 Nev. 383, it was held that "stakes and stone monuments set at each corner of the claim and at the center of each of the end lines is a sufficient marking of the boundaries" under the most stringent construction of the act of Congress; and in *Gleeson* v. *Martin White Min. Co.,* 13 Nev. 442, it was held that setting stakes at the four corners constituted a sufficient marking. To the same effect see: *Oregon King Min. Co.* v. *Brown,* 119 Fed. 48; *North Noonday Min. Co.* v. *Orient Min. Co.,* 1 Fed. 522; *Howeth* v. *Sullenger,* 113 Cal. 547, [45 Pac. 841]; *Green*

v. *Gavin* (Cal. App.), 101 Pac. 931.  Under these authorities we think the evidence ample to sustain the finding that plaintiffs had made valid locations of the claims, and, in the absence of any showing of abandonment or forfeiture thereof, they were entitled to possession of the same.

There is no merit in the contention that the judgment is void for uncertainty in describing the property.  It describes the claims in accordance with the notices posted, which constitute a part of the markings of the claims (*Willeford* v. *Bell* (Cal.), 49 Pac. 6), which, taken with other data contained therein, is sufficient to enable one to identify the property with reasonable certainty.

We find no error in the record, and the judgment and order appealed from are affirmed.

Allen, P. J., and Taggart, J., concurred.