[Civ. No. 2381. Third Appellate District.—January 11, 1922.]

NORTH CONFIDENCE MINING AND DEVELOPMENT COMPANY (a Corporation), Respondent, v. GEORGE MORRICE, Appellant.

[1] CANCELLATION OF OPTION—PLEADING—WANT OF CONSIDERATION—FRAUD—JOINDER—SEPARATE COUNTS.—In an action brought under section 3412 of the Civil Code to cancel an option for the sale of real property, the complaint may contain a count for cancellation on the ground of want of consideration and one for such relief on the ground of fraud.

[2] OPTION — PURCHASE OF MINING PROPERTY — CONSTRUCTION OF INSTRUMENT—REVOCATION.—A written agreement giving an option to purchase mining property for a certain sum payable in installments as therein specified is a *nudum pactum* where no consideration is paid therefor and the optionee is not obligated to do anything whatever under the terms of the agreement, and the optioner may at any time before payment on the price or before the commencement of development work revoke the instrument.

APPEAL from a judgment of the Superior Court of Tuolumne County. G. W. Nicol, Judge. Affirmed.

The facts are stated in the opinion of the court.

J. C. Webster for Appellant.

Street & Street for Respondent.

BURNETT, J.—The action was brought to cancel a certain option or agreement for the sale of real property, and plaintiff had judgment from which the appeal is taken upon the judgment-roll. The instrument which the court ordered canceled, as far as necessary to quote, is in the following form:

"This agreement made and entered into this 3rd day of June, 1919, by and between North Confidence Mining and Development Company, a corporation, the party of the first part and George Morrice, of the County of Tuolumne, State of California, the party of the second part witnesseth: That for and in consideration of the premises, the party of the first part hereby gives and grants unto the said party of the second part, his heirs, executors, administrators and assigns

56 Cal. App.—10

an option to purchase all that certain mining property situate, lying and being in the County of Tuolumne, State of California, and more particularly described as follows, to-wit:

"All of those certain lots, pieces and parcels of land situate, lying and being in the County of Tuolumne, State of California, and bounded and particularly described as follows, to-wit: [describing it].

"Together with all and singular the tenements, hereditaments and appurtenances thereunto belonging, and the rents, issues and profits thereof.

"For and at the agreed price and sum of Thirty Thousand and no 100 Dollars, ($30,000.00) Gold Coin of the United States payment therefor to be made as follows:

"1st payment June 30th, 1920, $5,000.00.

"2nd payment June 30th, 1921, $5,000.00.

"3rd payment June 30th, 1922, $5,000.00.

"4th payment December 30th, 1922, $5,000.00.

"5th payment June 30th, 1923, $5,000.00.

"6th payment December 30th, 1923, $5,000.00.

"The purchase price of said property shall be and the same is hereby fixed at Thirty Thousand and no 100 Dollars ($30,000.00) no part of the said purchase price is to draw any interest, and no installment is to draw interest until after the maturity of that particular installment, after which time said installment shall bear interest at the rate of seven per cent per annum until paid." Then follow other terms as to possession, the use of the growing timber, the payment of royalty for all quartz and gravel mined during the term, the disposition of any buildings that might be erected by the party of the second part and that "this option to purchase is subject to the surface rights granted as a right of way" for a certain railroad.

Among the court's findings are the following: "6. That the plaintiff received no consideration for the said option or agreement mentioned herein; that defendant, George Morrice, has not entered into possession of the said lands and premises in said option or agreement described, nor has he performed or caused to be performed any work thereon, nor has he made any payment on account of the purchase price thereof. . . .

"11. That by the terms of said option or agreement the said defendant, George Morrice, was given the option of purchasing the real property in said option or agreement and hereinabove described at the price and sum of $30,000 payable in installments as specified in the said option agreement. That defendant, George Morrice, has not paid to plaintiff any part of the said purchase price of said property provided for in said option or agreement and that plaintiff, prior to the commencement of this action, revoked said option or agreement; . . . that he had at said time expended no time or money whatsoever in complying with the terms and conditions of the said option or agreement; that he had not at said time accepted said option or agreement and that he was not then acting thereon or thereunder."

[1] Appellant demurred to the complaint on the ground that two causes of action, to wit, one to cancel a written instrument and the other to quiet title were improperly joined in the first and third counts thereof. He has, however, misconstrued the complaint, as each count is directed to the cancellation of the option or agreement, the first on the ground of the want of consideration and the second by reason of fraud. The action was brought under the provisions of section 3412 of the Civil Code and not section 738 of the Code of Civil Procedure. The effect of the judgment is, of course, to quiet plaintiff's title as against a certain claim of defendant Morrice, but the action was primarily "aimed at a particular piece of evidence" rather than "the pretentions of an individual." (*Castro* v. *Barry*, 79 Cal. 443 [21 Pac. 946].)

Manifestly the two counts are not inconsistent, as fraud and want of consideration might characterize the same transaction. But if they were inconsistent, the pleading would not thereby be vitiated. (*Tanforan* v. *Tanforan*, 173 Cal. 270 [159 Pac. 709].)

Moreover, since the court found in favor of appellant as to the issue of fraud, any possible error in overruling the demurrer was obviously without prejudice.

As to the findings, appellant makes the claim that it nowhere appears upon what ground the rescission was made. This objection would not go to the sufficiency of the findings to support the judgment, but, at most, would present a mere question of indefiniteness. However, when the findings are

considered in connection with the pleadings there can be no doubt upon this subject. The notice of rescission was attached to the complaint and made a part thereof, in which the grounds are fully stated. It is clear enough that the court referred to this notice when it found that "the plaintiff by its president rescinded and revoked said option or agreement . . . by serving upon said defendant, George Morrice, a written notice of the rescission and revocation of said option or agreement."

It is to be observed that the rescission was effected by the action of the plaintiff in giving said notice, but this was subject to an adjudication by the court as to whether it was justified; in other words, whether any of the grounds, upon which the rescission was based, in fact existed. The court tried that issue and found that there was no consideration for said option, but determined the other grounds in favor of appellant. There is nothing lacking or uncertain as to these findings.

[2] The only other contention worthy of mention is that the court erred in construing said contract as constituting a mere option. We are satisfied that the learned trial judge, in his opinion filed in the case, presented as follows the proper view of the character of the instrument: "The agreement involved in this action is a unilateral contract and was subject to revocation before acceptance. Under this contract the party of the second part (George Morrice) is not obligated to do anything whatever. He has certain privileges and rights under its terms but no obligations. It appears that he paid no consideration for the contract and he has done nothing whatever under the contract toward either developing or working of the properties nor has he made any payment on the purchase price. 'Up to the time of acceptance, a contract such as this, where no consideration has been parted with, no binding obligation of any kind entered into, is mere *nudum pactum.'* (*Brown* v. *San Francisco Savings Union*, 134 Cal. 448, 452 [66 Pac. 592].)

"In the case of *McCowen* v. *Pew*, 18 Cal. App. 302 [123 Pac. 191], the law is thus stated: 'An option agreement, although in its nature unilateral, is as binding upon the part of the optioner as is a bilateral agreement upon the parties thereto. So long as it is supported by a consideration, the optioner can no more capriciously withdraw or rescind it than one

of the parties could arbitrarily or without the consent of the other party rescind a bilateral contract. . . . If, as a matter of fact, it was unsupported by a consideration . . . it was, of course, then a mere *nudum pactum* and the plaintiffs could, therefore, have withdrawn it at any time before its acceptance.' (See, also, *Mitchel* v. *Gray,* 8 Cal. App. 423, 429 [97 Pac. 160].)

"It was held by the supreme court in *Levy* v. *Lyon,* 153 Cal. 213 [94 Pac. 881], that 'An option for the purchase of land, which by its terms contains a promise by the owner to sell on certain conditions, without any obligation to buy on the part of the person to whom the option is given, is a unilateral contract, and becomes mutual only in the event that the latter should within a reasonable time and before a withdrawal of the offer, make tender of performance on his part. In such a contract, performance upon the part of him to whom the option runs consists of a valid tender of the amount due under the contract, coupled with a demand for a deed.'

"As before stated, the defendant George Morrice did nothing whatever under the contract toward either developing or working of the properties. If he had begun work upon the property before plaintiff rescinded then the contract would have been supported by a consideration, and not revocable and could have been enforced, for the rule is, that 'even contracts unilateral at first are sustained upon execution of the optional consideration.' (*Marin Water etc. Co.* v. *Town of Sausalito,* 168 Cal. 587, 600 [143 Pac. 767].)

"The placing of a deed in escrow did not change the situation in any particular. It was not a conveyance in the legal sense of the word, because it was not an unconditional and unqualified delivery. It was not intended to pass title *in praesenti,* but only to pass title upon the contingency of the defendant paying over for the use of the plaintiff the amount of money designated as the purchase price of the property. The rights acquired by the defendant were the rights designated in the contract, and not by reason of the execution and placing of a deed in escrow," citing *Fitch* v. *Bunch,* 30 Cal. 208; *Holland* v. *McCarthy,* 173 Cal. 602 [160 Pac. 1069]; *Thomas* v. *Birch,* 178 Cal. 483 [173 Pac. 1102].

We may refer also to *Clarno* v. *Grayson*, 30 Or. 111 [46 Pac. 426], wherein the supreme court of Oregon clearly points out the distinction between such instrument granting the privilege of acquiring upon certain terms a vested equitable right and one granting the vested equitable right itself to the property. Herein the privilege was revoked before its acceptance and it therefore never became a vested right or interest. If appellant had begun work upon the property or had paid a part of the price a different question would be presented.

The cases cited by appellant involved actual contracts imposing and conveying reciprocal rights and obligations and are clearly distinguishable from the situation herein. *Acme Oil Co.* v. *Williams*, 140 Cal. 681 [74 Pac. 296], may be taken as an example of these citations. That was an action in ejectment brought by the lessee against the lessor of certain oil lands, who had entered into possession, claiming the lease was forfeited by reason of the failure of the lessee diligently to operate wells on the property. Therein was no contention made that a mere option was granted. Indeed, the lessee agreed to pay certain royalties and "to begin operations on said land, and the development of the deposits contained therein, after receiving possession thereof, and to complete the sinking of two wells within ninety days from the date thereof," etc. The lessee also entered into possession under the lease and sunk the two wells as agreed, but did not operate them diligently. Appellant insisted that he had broken no covenant of the lease, but the supreme court in affirming the judgment held that there was an implied covenant that, if oil was produced in paying quantities, the wells would be diligently operated, since the payment of royalties was the sole consideration for the lease, and that it was this implied covenant which the lessee had violated.

It is no doubt true that covenants are often implied in contracts and they may constitute a sufficient consideration to support the agreement, but we are not dealing with a completed contract but the grant of a privilege which was subsequently withdrawn.

We think the judgment should be affirmed and it is so ordered.

Finch, P. J., and Hart, J., concurred.