[Civ. No. 3081.  Fourth Dist.  July 7, 1943.]

W. A. MINNER et al., Appellants, v. JOE SADLER et al., Respondents.

Claude F. Baker and Harvey, Johnston & Baker for Appellants.

Clyde C. Triplett and Philip C. Jones for Respondents.

GRIFFIN, J.—This is an action in ejectment and to recover possession of a certain mining claim, to quiet title thereto, and for damages (1) for loss of use of the area con-

tained therein; (2) for mineral wrongfully removed therefrom; and (3) for trespassing upon the property. The complaint alleges generally that plaintiffs are and have been, since October 2, 1940, the sole owners of and entitled to the exclusive possession of the Daisy No. 1 unpatented lode mining claim situated in Fresno County; that the defendants claim an unfounded interest in the area contained therein adverse to plaintiffs; that on February 10, 1941, the defendants, knowing that the area covered by that claim belonged to and was in the possession of plaintiffs, trespassed thereon and ousted plaintiffs therefrom and thereafter excluded them from that area; and that they did wrongfully extract and remove valuable minerals therefrom. Judgment for possession and to quiet title was sought, together with damages in the sum of $200,000. Defendants Tungstore Mines, Inc., and C. A. Rasmussen answered, denied generally the allegations of the complaint, and by way of cross-complaint claimed a prior right to the property by virtue of a contract of sale from defendant Joe Sadler, who claimed title and right of possession by virtue of a previous location of a claim known as Lobo No. 1, covering portions of the area within the boundaries of the Daisy location. By their cross-complaint they sought possession of and asked that title be quieted in them to the area described in the Lobo No. 1 claim. Actual damages in the sum of $1,000 was sought therein.

It is defendants' contention that the Daisy claim was located subsequent to the location of the Lobo claim and that the westerly portion of the Daisy claim overlapped the easterly portion of the Lobo claim. Plaintiffs answered the cross-complaint and denied generally its allegations. They claimed that Sadler's title was without right and alleged the execution of an option to sell executed by Sadler to plaintiffs Minner and Middleton, Sr., by which instrument they claimed to have acquired a 49 per cent interest in the Lobo claim and asked that specific performance of the contract be enforced. Defendants Joe Sadler and Harriet Sadler answered plaintiffs' complaint and denied generally its allegations, set up their claim of title by virtue of a prior location, and alleged that plaintiffs had attempted to jump the Lobo claim by subsequently filing their overlapping claim known as Daisy No. 1. Other defendants, by way of answer, denied generally the allegations of the complaint. Before trial, over

objections, but by consent of the court, the defendants amended their answers and set forth as a separate defense that "none of the area covered by the said Daisy No. 1 . . . was, at any time mentioned in the plaintiffs' complaint, a part of the public domain, open to mineral location, but, on the contrary, all of said area was, pursuant to the terms and provisions of section 24 of the Federal Water Power Act of June 10, 1920, 41 Stats. 1075, on February 11, 1921, withdrawn and reserved from mineral location of any kind or character and ever since has been and now is withdrawn and reserved from mineral location." Cross-complainants then moved to dismiss their cross-complaint for the reason that it was their belief that under the facts stated, and the provisions of the Water Power Act above mentioned, they would also be unable to establish title to either claim. No objection was offered and the cross-complaint was dismissed. Upon these pleadings the case proceeded to trial.

The court found generally that it is true that the defendant Joe Sadler did, on September 20, 1940, attempt to locate a certain lode mining claim known as Lobo No. 1, and that notice of location covering the same was recorded on September 25, 1940; that plaintiff D. P. Middleton, Sr., did, on October 2, 1940, attempt to locate Daisy No. 1, and did record notice of location thereof on October 3, 1940, and that as so located Daisy No. 1 overlapped the easterly end of Lobo No. 1 as it was attempted to be located, and that the discovery monument and discovery shaft of Daisy No. 1 were at all times within the boundaries of Lobo No. 1; that it is not true that Sadler moved or changed the boundaries of Lobo No. 1 or any of the monuments of that claim after they were delineated or erected; that the separate defense alleged in the several answers, i. e., that the area covered was not open to location at the time, is true; that it is not true that the plaintiffs were ever the owners of or entitled to possession of any of the area within the boundaries of Lobo No. 1, including that portion of the easterly half of Lobo No. 1 which was overlapped by Daisy No. 1; that it is true that defendant Tungstore Mines, Inc., carried on mining operations, in good faith, on the area covered by Lobo No. 1 and on the easterly portion of that claim which was overlapped by Daisy No. 1, and that the value of the ore removed by

said mining operations was less than the cost of mining the same, and that none of the defendants except Joe Sadler derived any gain or profit from said mining operations or from the extraction of ores from any of said property; that the allegations contained in paragraphs III and IV of the answer of Tungstore Mines, Inc., are true; that it is not true that any of the plaintiffs in the action were in actual possession of any of the area covered by Daisy No. 1 between November 1, 1940, and the time of the trial of the action. The court then concluded that none of plaintiffs ever had any right, title or interest in any of the land covered by Lobo No. 1 mining claim and never had any right, title or interest in the easterly portion of said claim which was overlapped by Daisy No. 1 claim, and gave judgment that plaintiffs take nothing by the action and that defendants recover their costs. Plaintiffs offered certain proposed findings in their favor but they were refused. A motion for new trial was denied. This appeal followed.

The evidence fully supports the finding that on Feb. 11, 1921, the San Joaquin Light & Power Corporation filed with the General Land Office Commissioner an application for a power project under the provisions of the act of June 10, 1920 (41 Stats. p. 1075) affecting the land here involved. It further shows that neither plaintiffs nor defendants nor anyone else made application to restore said lands for location purposes. Under section 24 of said act the lands here involved were, from the date of the filing of the above-mentioned application of the power company, reserved from entry or location until otherwise directed by the commissioner or by Congress. There is no showing that the commissioner or Congress directed otherwise. *(In re Nevada Irrigation District, 52 L.D. 371, 377.)* Another and more recent decision of the Land Department is *In re John Roberts*, 55 L.D. 430, decided December 19, 1935. The applicant there filed an application for patent which was denied. The claims were located in 1927 and the commissioner held they were void because they were within Power Site Withdrawal No. 661. The Federal Power Commission, however, on July 24, 1931, pursuant to section 24 of the act, conditionally restored the land to the public domain for the purpose of location and entry. The commissioner held that the subsequent restoration under section 24 of the act did not validate mining

claims located in 1927 and 1930 because those claims, under the first portion of paragraph 24 of the act, were *void*. The evidence supports the conclusion that at the time plaintiffs and defendants in the instant case attempted to locate their claim the area here involved was not then open to location and any attempted location thereon was void.

In *In re Coeur d'Alene Mining Company,* 53 L.D. 531, 533, cited by plaintiffs, it was held that under a similar state of facts the subsequent claim locator acquired no rights by the location of his lode because the property was included within the prior Power Site Withdrawal and that section 24 of the Federal Water Power Act reserved that property from entry location or other disposal. It therefore appears from the decisions quoted and cited that the filing of an application for a power site under section 24 automatically withdraws the affected lands from mineral location.

Plaintiffs contend and argue at length that even as trespassers they were in possession of the ground within the limits of the purported Daisy No. 1 claim and that because of their possession no one except the Land Department or the Power Company could dispute their title, and that hence their rights as against defendants are just the same as though the property had been open to entry and location, citing *Hubbard* v. *Barry,* 21 Cal. 321; *Lightner Mining Co.* v. *Lane,* 161 Cal. 689 [120 P. 771, Ann. Cas. 1913C 1093] ; *Corey* v. *Struve,* 170 Cal. 170 [149 P. 48] ; *Goldberg* v. *Bruschi,* 146 Cal. 708 [81 P. 23].)

▓ The trial court found, upon sufficient evidence, though conflicting, that the plaintiffs were not in actual possession of any of the area here involved between November 1, 1940, and the time of the trial. It further found, upon the same evidence, that defendants did not oust plaintiffs from possession. The evidence was conflicting in reference to the established boundary lines of Lobo No. 1 claim and was also in dispute as to its attempted location in point of time compared to that of the attempted location of Daisy No. 1 claim. There is substantial evidence supporting the court's finding in this respect. It therefore will not be disturbed on appeal.

A question was raised in *Holdt* v. *Hazard,* 10 Cal.App. 440 [102 P. 540], respecting possession under a void location claim. It was there said, at page 444:

"The question involved here is the right of possession between two contesting locators, and it may be conceded, as contended by appellants, that at the time defendants entered upon and took possession of the claims plaintiffs were not in the actual possession thereof. Such being the case, plaintiffs' rights must rest upon the finding of the court to the effect that at the time of the defendants' entry plaintiffs had made a *valid location of the claims*, in accordance with the provisions of section 2324 of the Revised Statutes of the United States. . . ." (Emphasis ours.)

In the instant case the court expressly found that the plaintiffs did not make a valid location; that the area involved was not open to location; and that the discovery monument and the discovery shaft of Daisy No. 1 were both within the boundaries of Lobo No. 1. It is elementary that both must be on open and unappropriated ground, and cannot be within the confines of some other person's claim previously located. (Lindley on Mines, vol. 2, sec. 337, p. 778.)

Even assuming that there is merit to plaintiffs' contention, plaintiffs, at the time of the filing of the action and prior thereto, being out of actual possession, would be bound, therefore, by the rule that in order to recover possession of a mining claim the plaintiffs, being out of actual possession, must prove *a valid location*. (*Belk* v. *Meagher,* 104 U.S. 279 [26 L.Ed. 735] ; *Holdt* v. *Hazard, supra;* 17 Cal.Jur. secs. 17 and 18, p. 301, et seq; *Garthe* v. *Hart,* 73 Cal. 541 [15 P. 93] ; *Lind* v. *Baker,* 31 Cal.App.2d 631 [88 P.2d 777].)

The only other claim of plaintiffs to participation in any of the proceeds from the mining operations must be based upon their claimed rights under the so-called option agreement above set forth. It will be noted therefrom that Sadler promised to sell 49 per cent of his interest in his mining claims to Middleton, Sr., and Minner for $200, to be paid before October 10, 1940. This is clearly a unilateral writing, without reciting a consideration therefor, and was canceled by Sadler before the consideration referred to therein had been paid or tendered. Such a canceled agreement did not confer upon plaintiffs any interest in or to the claims here involved nor was it subject to specific performance. A mere offer, as such, is subject to revocation by the offerer at any time prior to acceptance. (*Roth* v. *Moeller,* 185 Cal. 415 [197 P. 62] ; *Levy* v. *Lyon,* 153 Cal.

213 [94 P. 881] ; *Christy* v. *Drapeau*, 22 Cal.App2d 582 [71 P.2d 940] ; *North Confidence Mining & Development Co.* v. *Morrice*, 56 Cal.App. 145 [204 P. 851].)

The determination that the attempted locations of the claims here involved were void sufficiently disposes of the many other questions presented on the appeal. The evidence supports the findings and the findings, as signed, while in part are not happily worded, sufficiently dispose of the issues presented.

Judgment affirmed.

Barnard, P. J., and Marks, J., concurred.

A petition for a rehearing was denied August 5, 1943, and appellants' petition for a hearing by the Supreme Court was denied September 1, 1943.